IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC AICHER,

    Plaintiff,

v.                                                                                              No. 15-cv-0108 RB/SMV

ACCESS CORRECTIONS,
FNU STEWART, KEN SMITH,
FNU EWING, FNU RIGLEY,
FNU JOHNSON, FNU RICHARDSON,
FNU HENDERSON, FNU ELIZANDO,
FNU VILLALOBOS, FNU ESPINOSA,
and VALERIE NAEGELE,

    Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court on Plaintiff's Pro-Se Notice [Doc. 16] filed on March 25, 2015, in response to the Court's order denying his request to reduce initial payment [Doc. 15]. Plaintiff asserts that he only had $11.43 available on February 18, 2015. On the other hand, the account statement attached to his notice shows significant regular pre-filing deposits and an account balance of $117.00 on the day he originally mailed his complaint. [Doc. 16] at 9 ("Exhibit F"). He depleted the account just after filing. There is no constitutional violation in requiring an inmate to choose between prison purchases and litigation. *See Shabazz v. Parsons*, 127 F.3d 1246, 1248–49 (10th Cir. 1997); *see also Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) ("If a prisoner has the means to pay, failure to pay the filing fee required by § 1915(b) may result in the dismissal of a prisoner's civil action."); *Rodriguez v. Cook*, 169 F.3d 1176, 1180

(9th Cir. 1999) ("If inmates are unwilling to save their money and prepay filing fees, such a decision may be a good indicator of the merits of the case.").

**IT IS THEREFORE ORDERED** that, within **21 days** from entry of this Order, Plaintiff may submit the previously ordered payment of $47.71 or a current account statement to allow possible reconsideration of the initial payment, or show cause why payment should be excused. Failure to comply with this Order may result in dismissal of the complaint.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**